UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR GARCIA SANCHEZ, on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:17-cv-469 |
| v. | § § | JURY TRIAL DEMANDED |
| R&R MULTI-TRADE CONSTRUCTION SERVICES, LLC, | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION, CLASS ACTION, AND JURY DEMAND**

1.  Defendant R&R Multi-Trade Construction Services, LLC ("Defendant") required Plaintiff Victor Garcia Sanchez ("Plaintiff") to work more than forty (40) hours a week as a construction worker. Defendant paid Plaintiff under a compensation system which violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Defendant paid Plaintiff and other construction workers a flat day rate regardless of the number of hours they worked per week. In other words, Defendant pay their construction workers straight time for overtime.

2.  Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other similarly situated employees, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3.  Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former construction workers not paid overtime who performed work for Defendant during the three-year period before the filing of this Complaint

up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as the "FLSA Class Members."

4. Plaintiff worked for Defendant in Nevada. Just as Defendant's non-payment violates the FLSA, so too does the non-payment of overtime violate the state laws of Nevada. Accordingly, Plaintiff brings claims against Defendant as a Rule 23 class action for Defendant's failure to pay overtime to its employees in Nevada. Members of this Rule 23 class are hereinafter referred to as the "Nevada Class Members."[1]

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b). This Court has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367 because those claims arise from the same operative facts as Plaintiff's federal claims, namely the failure of Defendant to pay overtime to eligible employees.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant R & R Multi-Trade Construction Services LLC is headquartered in Denton County, Texas.

7. Defendant's compensation policies and practices, including those that violate the FLSA as alleged herein, originated and were decided at Defendant's principal headquarters in Flower Mound, Texas.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Victor Garcia Sanchez is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

---

[1] Together, the FLSA Class Members and Nevada Class Members are referred to as the "Class Members."

9. Defendant R & R Multi-Trade Construction Services LLC is a limited liability company organized under the laws of Texas. Defendant may be served process through its registered agent Brian Frederick Regal, 3276 Paddock Circle, Flower Mound, Texas 75022.

## FLSA COVERAGE

10. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

12. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

13. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

14. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

15. Both the individual and enterprise coverage are applicable in this case.

16. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

17. At all material times, Plaintiff and the Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

18. Here, Defendant employed Plaintiff and the Class as part of its construction business. Plaintiff's and the Class Members' regular job duties consisted of labor using tools, drywall, nails, and other equipment that moved through interstate commerce.

19. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

20. Here, Defendant have had, and continues to have, an annual gross business volume in excess of the statutory minimum.

21. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendant itself engaged in interstate commerce because its order supplies across state lines, conducts business deals with merchants across state lines, advertises on the internet with companies based in other states, process customers' credit cards with banks in other states, and sells equipment that moved across state lines.

## FACTS

22. Defendant R & R Multi-Trade Construction Services LLC provides construction services to the hospitality and commercial interior industries. Defendant has been in business for over a decade.

23. Defendant does business across the United States, including the following non-exclusive list of states:

      a. Texas

      b. California

      c. New Jersey

      d. Pennsylvania

      e. Washington

      f. Wisconsin

      g. Tennessee

      h. Maryland

      i. District of Columbia

24. Plaintiff worked for Defendant on a remodeling project of the Westin Hotel in Las Vegas, Nevada from approximately February of 2017 to June of 2017.

25. Plaintiff was paid on a day rate.

26. All construction workers employed on the remodeling project of the Westin Hotel in Las Vegas, Nevada are paid on a day rate.

27. Plaintiff was one of approximately 30 other construction workers on this project that all worked the same schedule and performed the same duties.

28. Defendant hires laborers to work on construction projects and remodeling projects nationwide.

29. Defendant classifies all laborers as independent contractors.

30. Plaintiff's primary duties were construction work, such as demolition, hanging and taping drywall, framing walls, and installing flooring.

31. Defendants instructed Plaintiff about when, where, and how he was to perform his work.

32. Defendants scheduled Plaintiff's jobs, provided him with detailed instructions as to how to perform his work, and assigned him so many hours per week that as a practical matter he was precluded from working elsewhere.

33. Plaintiff's normal schedule was 10 hours days seven days a week. This schedule results in 30 hours of uncompensated overtime a week.

34. Defendant paid Plaintiff a day rate of $120 without the FLSA's one and one-half times multiplier for his overtime work.

35. Defendant accomplishes this underpayment by misclassifying Plaintiff and the rest of its construction workers as independent contractors instead of as employees.

36. However, under the FLSA and Nevada state law, Plaintiff, the FLSA Class Members, and Nevada Class Members are employees, not independent contractor.

37. Plaintiff's and the Class Member's work was integrated into and integral Defendant's construction operations.

38. Defendant paid for Plaintiff's housing on the project in Nevada.

39. The value of that housing should be included in Plaintiff's regular rate for purposes of calculating his unpaid overtime under the FLSA.

40. Defendant did not permit Plaintiff and the Class Members to hire other workers.

41. Plaintiff and the Class Members have no control how their construction work is performed. Instead, they are required to followed detailed plans and schedules created by Defendant and Defendant's clients.

42. During the term of a contract, Defendant requires that Plaintiff and the Class Members work exclusively for Defendant.

43. Plaintiff and the Class Members contribute no capital investment in their work for Defendant.

44. Defendant supplies all the equipment and tools necessary for Plaintiff and the Class Members to perform their work.

45. Plaintiff and the Class Members hold no state or local business licenses.

46. Plaintiff and the Class Members do not carry any insurance or bonding for their work for Defendant.

47. Defendant provided workers' compensation to Plaintiff and classified him as an employee for purposes of worker's compensation.

48. Plaintiff served a demand for his unpaid wages on Defendant at least 5 days prior to filing this lawsuit.

49. Defendant has built its business on underpaying it employees. It employs hundreds of other workers across the country that it illegally denies overtime by using the same day rate system applicable to Plaintiff. These employees should be apprised of this action and informed of their right to join it.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated day rate paid construction workers both as a collective action under the FLSA, 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23(b)(3). The FLSA Collective Action group (the FLSA Class Members) is defined as follows:

> **All persons who, at any time during the three years prior to the filing of the action, work and/or worked for Defendant as a day rate paid construction worker throughout the United States.**

The Nevada FRCP Rule 23 Class (the Nevada Class Members) is defined as follows:

> **All persons, who at any time during the three years prior to the filing of this action, work and/or worked for Defendant as a day rate paid construction worker in Nevada.**

51. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those other construction workers he seeks to represent for the following reasons:

   a. Defendant employed Plaintiff as a construction worker and paid him flat day rate regardless of the number of hours per week he worked. Plaintiff, like the FLSA Class Members, was suffered and permitted by Defendant to work a significant number of hours per week without receiving overtime wages for all hours worked over forty hours in a work week.

   b. Plaintiff and the FLSA Class Members performed substantially similar job duties, i.e., low skill construction work.

   c. Plaintiff and the FLSA Class Members were paid using the same illegal system, i.e., compensation on a day rate basis without overtime.

   d. Nationwide, in the last three years, over 250 individuals fit the definition above for the FLSA Class Members.

52. Class treatment under FRCP Rule 23 is appropriate for the Nevada Class Members for the following reasons:

   a. The Class is Sufficiently Numerous: Upon information and belief, across multiple projects in Nevada, Defendants employ, and have employed, in excess of forty Nevada Class Members within the applicable statute of limitations.

   b. Plaintiff's Claims are Typical of the Nevada Class Members: Each Nevada Class Member is and was subject to the same company wide policies, procedures, and

practices as Plaintiff—namely the failure to pay overtime for all hours worked in excess of forty per week because Defendant only pays a day rate without overtime.

c. Common Questions of Law and Fact Predominate: Common questions of law and fact exist and predominate as to the Plaintiff and the Nevada Class Members, including, without limitation:

  i. Whether Defendant's policy and practice of paying a day rate without overtime violates Nevada state law;

  ii. Whether Defendant misclassified Plaintiff and the Nevada Class Members as independent contractors; and

  iii. The proper method of computing back overtime wages to Plaintiff and the Nevada Class Members.

d. Plaintiff is an Adequate Representative of the Nevada Class Members: Plaintiff will fairly and adequately represent the interest of the Class because Plaintiff is a member of the Class and has no interest contrary to the interests of the Class. Furthermore, Plaintiff has hired counsel experienced in prosecuting wage and hour actions such as this case.

e. A Class Action is Superior: A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the Nevada Class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual

members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

53. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendant, that these classes of similarly-situated employees exist who have been denied the FLSA's and Nevada's overtime premiums by being subjected to the same illegal pay practices described above.

54. Defendant uses the same compensation structure regardless of the location of employment of a particular Class Member.

55. Defendant uses the same compensation structure regardless of the supervisor of a particular Class Member.

56. All Class Members perform the same essential job functions regardless of branch location.

57. Defendant has a common job description that applies to all Class Members.

58. The names and address of the Class Members of the collective action are available from Defendant's records. The Class Members should be allowed to receive notice via First Class Mail, email, and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

59. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

# CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

60. Plaintiff incorporates the preceding paragraphs by reference.

61. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

62. Defendant violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek because it misclassified those workers as exempt or as independent contractors and paid only a day rate.

63. Defendant cannot satisfy its burden to show that any exemption applies.

64. Defendant has, therefore, violated and continues to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

65. Defendant's failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.

66. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

67. Defendant intentionally misclassified Plaintiff and Class Members in order to avoid its obligations under the FLSA.

### Count II
### Violation of the Nevada State Law
### Failure to Pay Overtime in Violation of Nev. Rev. Stat. §§ 608.140 and 608.018
### (Collective Action)

68. Plaintiff incorporates the preceding paragraphs by reference.

69. Nev. Rev. Stat. § 608.140 provides that an employee has a private right of action for unpaid wages.

70. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations under Nevada state law for failure to pay overtime. Therefore, the state's three-year statute contained in Nev. Rev. Stat. § 11.190(3) for statutory violations applies.

71. Defendant's failure to pay overtime to Plaintiff and the Nevada Class Members violates Nev. Rev. Stat. § 608.018. Therefore, Plaintiff demands for himself and for all the Nevada Class Members one and one-half times their regular rate of pay for all hours worked in excess of eight hours in a workday and in excess of forty hours in a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## JURY DEMAND

72. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

73. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

   a. Overtime compensation for all hour worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA and Nevada state law;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA and Nevada state law; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS