IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR GARCIA SANCHEZ and VICTOR GARCIA CABRERA, on Behalf of Themselves and on Behalf of All Other Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>R&R MULTI-TRADE CONSTRUCTION SERVICES, LLC, JOSE ROBERTO GALVAN, and BRIAN REGAL<br><br>Defendants. | § § § § § § § § § § § § § § | Case No. 4:17-CV-469-ALM-KPJ |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISRATE JUDGE**

Before the Court is Defendant R&R Multi-Trade Construction Services, LLC's ("R&R") Partial Motion to Dismiss (the "Motion") (Dkt. 6). Plaintiff Victor Garcia Sanchez, on behalf of himself and on behalf of all others similarly situated, filed a Response (Dkt. 12). R&R filed a Reply (Dkt. 13). As set forth below, the Court finds R&R's motion (Dkt. 6) should be **GRANTED**.

**I. BACKGROUND**

Plaintiffs Victor Garcia Sanchez and Victor Garcia Cabrera, and others similarly situated, ("Plaintiffs") worked for R&R in Nevada. Plaintiffs worked on a remodeling project "of the Westin Las Vegas Hotel in Henderson, Nevada." Dkt. 5 at ¶56. On June 29, 2017, Plaintiffs brought suit against R&R, Jose Roberto Galvan, and Brian Regal for alleged failure to pay overtime.

In the Amended Complaint, Plaintiffs allege that Defendants[1] failed to pay the statutorily required overtime for their work, as they were paid on a "day rate" regardless of how many hours

---

[1] The Motion was filed only on behalf of R&R. Defendants Jose Roberto Galvan and Brian Regal have not yet appeared before the Court.

1

they worked per week. *Id.* at ¶58. Plaintiffs further allege that their normal work schedule was over ten hours a day, seven days a week. *Id.* at ¶75. Plaintiffs state that Defendants' actions are in violation of NEV. REV. STAT. § 608.018 and § 608.140, for which they assert there is a private right of action for enforcement. *See* Dkt. 12.

On June 29, 2017, Plaintiffs filed their Complaint (Dkt. 1). On July 6, 2017, Plaintiffs filed an Amended Complaint alleging three causes of action: (1) violation of the Fair Labor Standards Act ("FLSA") for alleged failure to pay overtime; (2) violation of Nevada state law for failure to pay overtime; and (3) FLSA retaliation. *See* Dkt. 6 at 1. On August 11, 2017, R&R filed a Motion to Dismiss only as to the Nevada state law claim alleged by Plaintiffs (Dkt. 6). On August 25, 2017, Plaintiffs filed a Response (Dkt. 12). The same day, R&R filed a Reply (Dkt. 13).

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id*. (internal quotations omitted).

When considering a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### III. ANALYSIS

In addition to Plaintiffs' claims alleging violations of the FLSA for failure to pay overtime and retaliation, Plaintiffs allege Defendants violated Nevada state law for failure to pay overtime pursuant to NEV. REV. STAT. §§ 608.140 and 608.018. *See* Dkt. 5 at 17. The key issue before the Court in considering the Motion is to determine, pursuant to NEV. REV. STAT. §§ 608.018 and 608.140, whether a private right of action exists to enforce Nevada's labor statutes for failure to pay overtime. R&R argues that this is an area of "settled law," and no private right of action exists to enforce these statutes. *See* Dkt. 6 at 2-3. Plaintiffs argue in opposition that there is still

3

"substantial disagreement" as to whether a private right of action exists, and that this is "by no means a settled issue." Dkt. 12 at 2.

The Nevada federal district court has considered this issue numerous times, examining in depth whether the statutes at issue are privately enforceable or if that right is reserved for the Nevada Labor Commissioner. *See, e.g., Ohlinger v. Marsh USA, Inc.,* 2017 WL 1181579 (D. Nev. Mar. 29, 2017); *Dannenbring v. Wynn Las Vegas, LLC,* 907 F. Supp. 2d 1214, 1216 (D. Nev. 2013); *Descutner v. Newmont USA Ltd.*, 2012 WL 5387703 (D. Nev. Nov. 1, 2012). Although in 2011, the Nevada district court in *Buenaventura v. Champion Drywall, Inc.,* held that a private right of action existed to enforce NEV. REV. STAT. §§ 608.018 and 608.140, the court has since reversed this holding. *Contra* 803 F. Supp. 2d 1215, 1218 (D. Nev. 2011); *see Descutner*, 2012 WL 5387703, at *2. The Nevada district court has now consistently held that the statutes at issue are only enforceable by the Nevada Labor Commissioner, unless the private parties are suing under these statutes pursuant to a contractual claim where overtime is due "according to the terms of their employment." *See, e.g., Ohlinger,* 2017 WL 1181579, at *2.

In *Buenaventura*, the plaintiffs alleged they worked more than forty hours per work, but never received overtime compensation. *See* 803 F. Supp. 2d at 1216. The plaintiffs brought claims under the FLSA along with Nevada state law claims, which the defendants moved to dismiss as they similarly alleged that no private right of action existed under NEV. REV. STAT. § 608.018. *See id.* at 1216, 1218. The court held that a private right of action existed based on the court's interpretation of a footnote in a Nevada Supreme Court decision, which stated that "a civil enforcement action to recoup unpaid wages" exists under NEV. REV. STAT. § 608.140 (in relation to the statute's main point, which is allowance of recovery of reasonable attorneys' fees), and

4

therefore a private right of action exists under NEV. REV. STAT. § 608.018. *See id.* at 1218 (citing *Baldonado v. Wynn Las Vegas*, LLC, 194 P.3d 96, 105 n.33 (Nev. 2008)).

However, subsequent decisions by Nevada federal courts have considered the same issue and have consistently reached the opposite holding of *Buenaventura*. For example, in *Descutner*, the plaintiff also sued under NEV. REV. STAT. §§ 608.018 and 608.140 for unpaid overtime compensation. *See* 2012 WL 5387703, at *1. The court ultimately held that a private right of action to sue only existed under these statutes if wages were not being paid pursuant to an employment contract. *See id.* The court specifically discussed the *Buenaventura* decision and the Nevada Supreme Court's note in *Baldando*, stating that although a private cause of action may be "consistent with" the language of NEV. REV. STAT. § 608.140, the question of whether a private suit was actually authorized was never addressed. *See id.* at *3. Further, the court disagreed with the holding in *Buenaventura* because the *Baldando* court cautioned against implying private causes of action when an administrative official is explicitly given adjudicatory authority by the legislature, as the Nevada Labor Commissioner has been given here. *See id.* at *2 (citing *Baldando*, 194 P.3d at 101). Additionally, the court held that NEV. REV. STAT. § 608.140 specifically states that the only wages that can be recovered are those "earned and due according to the terms of his or her employment." *See id.* at *3–4.

After the decision in *Descunter*, the Nevada district court again considered this same issue when a plaintiff alleged that she worked more than forty hours per week but never received proper overtime compensation, pursuant to the FLSA and Nevada state law. *See Dannenbring*, 907 F. Supp. 2d at 1218. Although the court here stated that Nevada common law was "in flux" on the point, it considered the current body of case law (which included *Buenaventura*, *Descunter*, and *Baldando*) and held that no private right of action existed for either NEV. REV. STAT. § 608.018 or

5

§ 608.140, finding *Descunter* to be persuasive on the issue. *See id*. at 1219. Since this decision, Nevada federal courts have begun to classify this as an issue of settled law, as discussed most recently in *Ohlinger*, which held that "violations [of NEV. REV. STAT. §§ 608.018 and 608.140] are for the Labor Commissioner to sort out." *See Ohlinger*, 2017 WL 1181579, at *2; *see also Sargent v. HG Staffing, LLC*, 2016 WL 128141, at *2 (D. Nev. Jan. 12, 2016) (holding that it is "settled law" that no private right of action exists under NEV. REV. STAT. § 608.140 in relation to NEV. REV. STAT. § 608.018 unless it is a contractual claim); *Gamble v. Boyd Gaming Corp.*, 2014 WL 2573899, at *4 (D. Nev. June 6, 2014) (holding the same); *Johnson v. Pink Spot Vapors Inc.*, 2015 WL 433503, at *5 (D. Nev. Feb. 3, 2015) (holding the same).

Here, Plaintiffs assert similar allegations that they were not properly compensated for overtime, and insist a private right of action exists under NEV. REV. STAT. §§ 608.018 and 608.140. The Court finds that no private right of action exists under these statutes; rather, this issue is "for the [Nevada] Labor Commissioner to sort out" as outlined in the statute, in accordance with the substantial weight of authority from Nevada federal case law. *See Ohlinger*, 2017 WL 1181579, at *2. The Court agrees with R&R that, at least with respect to these particular Nevada statutes, this is an area of settled law and no "substantial disagreement" currently exists on the issue. *See* Dkt. 12 at 2. Additionally, the Court will follow the Nevada district courts' holding that the private right of action under these statutes is only available to contractually based claims. Hence, because Plaintiffs have not alleged that their employment was pursuant to a contract, they cannot have a private right of action under these statutes for payment of alleged overtime wages.

### IV. RECOMMENDATION

Based on the foregoing, the Court recommends that R&R's Motion (Dkt. 6) be **GRANTED**, and Plaintiffs' Nevada state law claim be **DISMISSED** as to R&R.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 26th day of September, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE