# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR GARCIA SANCHEZ and VICTOR GARCIA CABRERA, on Behalf of Themselves and on Behalf of All Other Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>R&R MULTI-TRADE CONSTRUCTION SERVICES, LLC, JOSE ROBERTO GALVAN, and BRIAN REGAL,<br><br>Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-469 |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 25, 2018, the report of the Magistrate Judge (the "Report") (Dkt. #48) was entered, containing proposed findings of fact and recommendations that Plaintiffs Victor Garcia Sanchez and Victor Garcia Cabrera's (collectively, "Plaintiffs") Motion for Conditional Certification and Approval of Class Notice (the "Motion") (Dkt. #36) be granted, the class be conditionally certified, and within fourteen days after adoption of the Report, Defendants be required to provide to Plaintiffs certain employee information for notice. *See* Dkt. #48. The Report further directed the parties to confer regarding the proposed notice and consent forms.[1] *Id*.

---

[1] On November 6, 2018, the parties filed a Stipulation Regarding the Consent of the Notice of Rights and Consent, and Method of Distribution. *See* Dkt. #50.

Defendants R&R Multi-Trade Construction Services, LLC, Jose Roberto Galvan, and Brian Regal (collectively, "Defendants") filed objections to the Report (the "Objections") (Dkt. #50). The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

The Court finds Defendants' Objections contain the same arguments made in their response in opposition to the Motion (Dkt. #37). Defendants primarily object to the Magistrate Judge's evaluation of the evidence submitted by Plaintiffs, which Defendants argue is lacking or insufficient. *See generally* Dkt. #49. Although the evidence presented here is far from overwhelming, the Court determines that Plaintiffs have satisfied their burden at this stage of the proceedings. As the Magistrate Judge explained, Plaintiffs do not have a heavy burden at the notice stage of the two-stage *Lusardi* analysis. *See* Dkt. #48 at 3 (citing *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987)). There must only be a "reasonable basis" to believe that other aggrieved individuals exist. *Black v. Settlepou, P.C.*, 2011 WL 609884, at *3 (N.D. Tex. 2011) (citing *Tolentino v. C & J Spec–Rent Serv., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (internal citations omitted)). The Court, therefore, agrees with the Magistrate Judge's finding that there is a reasonable basis to suggest a class of similarly situated employees exists who want to opt-in to the lawsuit. Furthermore, should other similarly situated employees eventually be found not to exist, this issue may be raised at the decertification stage.

Defendants also attempt to distinguish the varying job duties of workers who "fell within the broader categories of demolition and renovation work." Dkt. #49 at 4. However, regardless of whether every worker performed the same duties, the Court finds no error in the Magistrate Judge's conclusion that the duties are similar enough to meet Plaintiffs' burden at this stage. *See Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 468 (S.D.Tex.2012) (citing *Tolentino*, 716 F. Supp. 2d at 653 ("Slight differences in job duties or functions do not run afoul of the similarly situated requirement.")).

Defendants' objection to nationwide notice is similarly unavailing. As the Magistrate Judge noted, Defendants admit they hired workers similar to Plaintiffs to work on construction projects nationwide, hiring such workers as independent contractors and paying them at a day rate. Dkt. #48 at 9. Accordingly, the Court agrees with the Magistrate Judge that there is sufficient evidence of similar pay practices at Defendants' other projects around the country such that nationwide notice is proper.

Based on the foregoing, the Court finds that Plaintiffs have met the lenient burden imposed under the first stage for conditional certification. Furthermore, because Defendants will have the opportunity under stage two of *Lusardi* to assert a motion to decertify the collective action if, after discovery, they can show that the class members are not similarly situated, the Court sees no basis to deny Plaintiff's motion. *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996-97 (E.D. Tex. 2011). Accordingly, Defendants' Objections (Dkt. #49) are **OVERRULED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Conditional Certification) (Dkt. #36) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case shall proceed as a collective action with the Class Members defined as:

> **All current and former day rate paid workers, who worked for Defendant R&R Multi-Trade Construction Services, LLC, at any location throughout the United States from three years prior to the date of this Memorandum Adopting Report and Recommendation to the present.**

**IT IS FINALLY ORDERED** that within fourteen days of this Memorandum Adopting Report and Recommendation, Defendants shall provide Plaintiffs' counsel the names, all known addresses, all phone numbers (home, mobile, etc.), all personal email addresses, and date of hire, and the most recent date worked for the class members as defined above in a computer-readable format within. The information should be verified as complete and accurate by one of Defendants' corporate representatives.

**IT IS SO ORDERED**.

SIGNED this 21st day of November, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE